UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JMCB, LLC, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| v. | NO. 3:17-cv-00077 |
| | JUDGE DEGRAVELLES |
| THE BOARD OF COMMERCE & INDUSTRY; LOUISIANA DEPARTMENT OF ECONOMIC DEVELOPMENT; AND SABINE PASS LIQUEFACTION, LLC | MAGISTRATE JUDGE WILKINSON |

**SABINE PASS LIQUEFACTION, LLC'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Sabine Pass Liquefaction, LLC ("SPL"), submits this Reply Memorandum in support of its Motion to Dismiss (Doc. 67).

Plaintiff's Opposition (Doc. 72) ("Opp.") confirms that the First "Amending" Class Action Complaint (Doc. 61) ("Complaint" or "Compl.") does not plead the facts required to state a viable legal claim, and that Plaintiff cannot do so as a matter of law. Indeed, Plaintiff's Opposition nowhere confronts any of the numerous factual and legal deficiencies of the Complaint that are set forth in SPL's Motion.

Instead, and for the second time in this lawsuit, Plaintiff seeks to engage in a procedural shell game to avoid dismissal of its claims, arguing this time that SPL should be "estopped" from moving to dismiss the Complaint altogether because the State defendants did not expressly move to dismiss all claims in their separate motion to dismiss and somehow "acknowledged" that Plaintiff "has stated a claim upon which relief may be granted." The State's motion made no such acknowledgement, and even if it had, Plaintiff's estoppel argument is contrary to the established law of this Circuit, as well as basic logic and procedural fairness. Where, as here, a

complaint fails to state a claim upon which relief can be granted, Rule 12(b)(6) requires dismissal, no matter who files a motion to do so.

## I. PLAINTIFF CONCEDES BY ITS SILENCE THAT THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF.

Plaintiff's Opposition does not even attempt to respond to the numerous fatal flaws in the Complaint, as set forth in SPL's Motion to Dismiss. Instead, Plaintiff purports to "show that it has pled sufficient facts" by merely asserting that its "claim for declaratory relief" "is plausible on its face" and citing without explanation to 28 paragraphs of the Complaint. This failure to respond to SPL's arguments constitutes a waiver. *United States* v. *Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (failure to explain assertions "is a failure to brief and constitutes waiver").

In any event, and as set forth in SPL's motion, the Complaint fails to plead facts that, even if true, could establish SPL's ITE Contract violates the Louisiana Constitution in any way. Specifically, the Complaint fails to allege facts supporting Plaintiff's conclusory assertion that SPL's multi-billion dollar natural gas liquefaction facility operating in Cameron Parish is anything other than a "manufacturing establishment" or addition thereto under Article VII, Section 21 of the Louisiana Constitution. Nor does the Complaint allege facts suggesting the State's decision to enter into the ITE Contract with SPL in 2011 was arbitrary or capricious. To the contrary, the sparse factual allegations pled in the Complaint show that SPL's facility easily qualifies as a "manufacturing establishment." As detailed in the documents supplied by the SPL to the State, the facility engages in the "ConocoPhillips Optimized Cascade® Process" for liquefaction, in which "[n]atural gas is first treated to remove contaminants including $CO_2$, water and mercury before entering the liquefaction section of the plant[,] [t]he treated gas is then chilled to approximately -260 degrees Fahrenheit in successively colder heat exchangers that use propane, ethylene and methane as refrigerants," (Doc. 67-2 Ex. 2 at p. 4), and the resulting LNG

fuel is sold for use around the world. Under the broad definition of "manufacturing establishment" employed by the State of Louisiana and courts for more than 130 years, nothing more is required to qualify for a tax exemption under Article VII, Section 21 of the Louisiana Constitution.[1]

Plaintiff's Opposition provides no response to these undisputed facts or the longstanding law of Louisiana. As this Court has explained, "[f]actual allegations must be enough to raise a right to relief above the speculative level…the plaintiff must plead enough facts to state a claim to relief that is plausible on its face," and while "[t]he plausibility standard is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Donahue v. Wilder*, 15-499, 2016 U.S. Dist. LEXIS 15984, pp. 9-11 (M.D. La. Feb. 10, 2016) (deGravelles, J.) (internal citations and quotations omitted). Plaintiff has not stated a possible, much less plausible, claim for relief.

## II. PLAINTIFF'S "ESTOPPEL" ARGUMENT IS CONTRARY TO LAW AND FACT AND SHOULD BE SUMMARILY REJECTED BY THIS COURT.

Plaintiff's assertion that the Court cannot dismiss the Complaint because the State defendants somehow "acknowledged" the viability of their claims by not expressly moving to dismiss all of them, as SPL did in its Motion, is based on an incorrect factual premise and a misapprehension of the law.

*First*, the State never "acknowledged" in its separate motion to dismiss that "Plaintiff has stated a claim upon which relief may be granted." Instead, the State merely recognized "that Louisiana law grants a citizen the right to seek judicial review of acts of public servants that are

---

[1] Moreover, Plaintiff fails to plead facts sufficient to overcome the deferential standard by which this Court must review the State's decision to grant SPL's facility a tax exemption. *See Oakville Community Action Group v. Louisiana Department of Environmental Quality*, 935 So.2d 175, 186 (La. App. 1 Cir. 2006) (holding "state agency is charged with interpreting its own rules and regulations and great deference must be given to the agency's interpretation ").

{N3569842.2}                                    3

alleged to have been illegal or unconstitutional, and to enjoin any unlawful action by those public servants." (Doc. 72, p. 2 (quoting Doc. 14-1, p. 2) and p. 4 (quoting Doc. 66-1, p. 2)). The fact that a taxpayer could have standing to challenge an act does not mean that a plaintiff has pled sufficient facts of an illegal or unconstitutional act.[2] And Plaintiff's standing to bring the instant action does not mean that the Complaint states a claim that SPL's facility is not a "manufacturing establishment" or an "addition." Lest there be any doubt, the State has further clarified that it fully agrees with SPL's assertion that the Complaint does not state a cause of action and should be dismissed in its entirety. (Doc. 73, pp. 1-2 & n.2).

*Second*, under the well-established law of this Circuit, SPL is not "estopped" from obtaining dismissal of the Complaint in its entirety based on the State's separate motion. The law is precisely the opposite. It is hornbook law that "[a]ny defendant to a complaint, counterclaim, or crossclaim may move to dismiss under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'" 2-12 Moore's Federal Practice – Civil §12.34[1][a] (citing Fed. R. Civ. P. 12(b)(6)) (emphasis added).[3] And courts in this Circuit have repeatedly

---

[2] The two Louisiana state court cases on which Plaintiff relies actually demonstrate the insufficiency of the Complaint. Far from supporting Plaintiff's claims here, in *Bunge of North America v. Board of Commerce & Industry*, the Louisiana Court of Appeal affirmed *the dismissal* on summary judgment for failure to prove that barge unloading equipment was not an addition to an existing manufacturing facility that crushed soybeans merely because it was used to move soybeans and unprocessed grain. 996 So. 2d 1106 (La. 11/21/08). Likewise, in *Robinson v. Ieyoub* the court affirmed a finding that an incinerator did not qualify as a manufacturing facility because, unlike here, the output generated by the facility—ash—was not marketed for sale. 727 So. 2d 579, 581. Here, there is no allegation that SPL is not selling the output of its liquefaction facility. To the contrary, the Complaint alleges that SPL has exported the LNG generated from its facility on cargo vessels since 2016.

[3] *Bush v. Bahia Sun Assocs., Ltd. P'ship*, 543 F. Supp. 2d 1295, 1296 (M.D. Fla. 2008) ("Any defendant to a complaint may move to dismiss under Rule 12(b)(6)…"); *Variable-Parameter Future Dev. Corp. v. Comerica Bank-California (In re Morpheus Lights)*, 228 B.R. 449, 456 (N.D. Cal. Bkr. Oct 12, 1998) ("Under Rule 12(b)(6) any defendant may move to dismiss for failure to state a claim upon which relief can be granted."); *Garoutte v. Am. Family Mut. Ins. Co.*, 12-1787, 2013 U.S. Dist. LEXIS 8559 (W.D. Wa. Jan. 19, 2013) ("Any defendant

recognized that "where a defending party establishes that plaintiff has no cause of action, this defense should inure to similarly situated defendants." *Ezell v. Payne*, No. 16-1166, 2017 U.S. Dist. LEXIS 31809, *15 (W.D. La. Jan. 31, 2017) (citing *Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001)), *rec. adopted,* 2017 U.S. Dist. LEXIS 31629 (W.D. La. Mar. 3, 2017); *Lewis v. Hanemann*, No. 14-3368, 2015 U.S. Dist. LEXIS 138331, *24 (W.D. La. Aug. 4, 2015) (citing *Lewis*, 236 F.3d at 768), *rec. adopted,* 2015 U.S. Dist. LEXIS 138318 (W.D. La. Oct. 8, 2015).[4] "The policy rationale for this rule is that it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Lewis*, 236 F.3d at 768 (recognizing that defense asserted by one defendant may inure to the benefit of even a defaulting co-defendant); *see also Duru v. TSPMG Kaiser Permanente Georgia*, No. 3:14-3817, 2015 U.S. Dist. LEXIS 68274 (N.D. Tex. Apr. 23, 2015), *rec. accepted*, 2015 U.S. Dist. LEXIS 67584 (N.D. Tex. May 26, 2015). Indeed, it would be "incongruous and unfair," and entirely wasteful of the time and resources of this Court, to allow this case to move forward on Plaintiff's legally insufficient Complaint.

Thus, as a named defendant (and indispensable party) in this lawsuit, SPL has the right to move to dismiss the Complaint in its entirety, and Plaintiff's failure to state a claim under Rule 12(b)(6)—which Plaintiff does not seriously contest—must result in dismissal of the Complaint against all defendants irrespective of what the State's motion says. "Deciding a motion to dismiss for failure to state a claim…involves no discretionary decision: '[t]he complaint is either

---

may move to dismiss under Federal Rule 12(b)(6)…"); *King v. Provident Life & Accident Ins. Co.*, 1:09-cv-983, 2010 U.S. Dist. LEXIS 68748 (E.D. Tex. June 4, 2010) ("Any defendant may move to dismiss under Rule 12(b)(6)…").

[4] In fact, there is no requirement that any defendant file a motion for the Court to dismiss a legally insufficient complaint. As the Fifth Circuit has long held, this Court may act *sua sponte* and "dismiss a complaint on its own motion for failure to state a claim." *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984).

good or not good.'" *Almeida v. Solis*, 1:13-135 c/w 1:13-137, 2015 U.S. Dist. LEXIS 101533, *10 (S.D. Tex. Aug. 4, 2015) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). None of the cases on which Plaintiff relies suggest otherwise.[5]

## III.   LEAVE TO AMEND A SECOND TIME IS NOT WARRANTED.

In furtherance of its apparent strategy to avoid having to defend its Complaint, Plaintiff states that "if the Court determines that additional facts should be pled to support its claims for declaratory relief, the Plaintiff requests the opportunity to do so." Opp. at 10. Plaintiff provides no indication of what those "additional facts" might be, or how they could possibly remedy the fundamental flaws in the Complaint. This type of "nested" request to amend "tacked onto the end of [a] response to [a] motion to dismiss and [that gives] no indication of the grounds for amendment" is improper and should be disregarded. *Patrick v. Wal-Mart, Inc.,* 681 F.3d 614, 623 (5th Cir. 2012); *Waggoner v. Denbury Onshore, LLC,* 612 Fed. Appx. 734, 740 (5th Cir. 2015).[6]

Moreover, allowing Plaintiff to amend the Complaint a second time would be futile, and would cause undue delay and prejudice to SPL, which has already constructed a multi-billion

---

[5] The two cases cited by Plaintiff do not support its estoppel argument. In *Carroll v. SGS N. Am., Inc.,* 16-537, 2018 U.S. Dist. LEXIS 21431 (M.D. La. Feb. 8, 2018), the plaintiff (husband) moved to dismiss a third party complaint filed by the defendant against the third party defendant (wife). Judge Dick granted the defendant's motion to strike the plaintiff's motion to dismiss the third party complaint because the plaintiff was not named as a party to that complaint and thus lacked capacity to move for relief. Notably, the plaintiff's motion was duplicative of a motion to dismiss filed by the third party defendant. In *Firefighters' Retirment Sys. v.Citco Grp. Ltd.,* 13-373, 2017 U.S. Dist. LEXIS 128771 (M.D. La. Aug. 14, 2017), Judge Dick denied the motion to dismiss filed by a co-defendant on behalf of another non-moving co-defendant based upon the non-moving defendant's unique defense of insufficient service. Here, SPL's Motion does not seek to dismiss the Complaint based on any unique defense of the State.

[6] *Isytems v. Spark Networks,* No. 10-10905, 2012 U.S. App. LEXIS 6197, *18-19 (5th Cir. Mar. 21, 2012); *Skiba v. Jacobs Entertainment, Inc.,* No. 13-5693, 2014 U.S. Dist. LEXIS 40230, *15-16 (E.D. La. Mar. 26, 2014) (Wilkinson, M.J.); *Zitzevancih v. Bank of New York,* 4:13-CV-160-Y, 2013 U.S. Dist. LEXIS 194771, *7 (N.D. Tex. Dec. 30, 2013).

dollar LNG facility in reliance on its ITE Contract with the State.  *Central Laborers Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 556 (5th Cir. 2007) (recognizing grounds for denying leave to amend).[7]  Plaintiff has <u>never</u> disputed the deficiencies in its Complaint as set forth in SPL's Motion, and avoided responding to them altogether through procedural posturing.[8]  This matter has been pending for more than a year and a half, and there is no reason to allow Plaintiff to continue to create needless uncertainty about SPL's investment in its liquefaction facility based solely on innuendo, not facts.  Plaintiff has had every opportunity to plead a claim.  It has not done so, and the Complaint should be dismissed without leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, and all of the reasons set forth in SPL's Memorandum in Support (Doc. 67-1), the Complaint is insufficient to plead a claim under Rule 12(b)(6).  Accordingly, the Court must dismiss the Complaint, with prejudice.

                                            Respectfully submitted,

                                            */s/ Brett S. Venn*
                                            WILLIAM M. BACKSTROM, JR. (#LA 02667)

---

[7] *Sinclair v. Petco Animal Supplies Stores, Inc.*, 581 Fed. Appx. 369, 371, 2014 U.S. App. LEXIS 17007, 4-5 (5th Cir. Sept. 3, 2014) (In deciding whether to grant a plaintiff leave to amend its complaint, "[t]he district court may consider multiple factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." (internal quotation omitted)) (affirming dismissal without affording plaintiff opportunity to amend his complaint a second time); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (finding no abuse of discretion where plaintiff had one opportunity to amend, could not correct deficiencies in complaint, and could not show how another amendment would correct deficiencies).

[8] In October 2016, Plaintiff filed its initial complaint challenging SPL's ITE Contract with virtually no facts alleged (Doc. 1-2).  As the Court will recall, when SPL moved to dismiss one year ago, Plaintiff's response was to improperly dismiss SPL. (Doc. 16).  After Plaintiff unsuccessfully opposed SPL's intervention, the Court permitted Plaintiff to file an amended complaint clarifying the claims against the parties (Doc. 57).  Thus, Plaintiff has had notice of the deficiencies in its pleading for at least one year and done nothing to address them.

                      THOMAS A. CASEY, JR. (#LA 1291)
                      JESSE R. ADAMS, III (#LA 23617)
                      BRETT S. VENN (#LA 32954)
                      Jones Walker LLP
                      201 St. Charles Avenue
                      New Orleans, LA  70170
                      Telephone:  504-582-8000
                      Facsimile:  504-582-8011
                      bbackstrom@joneswalker.com
                      tcaseyjr@joneswalker.com
                      jadams@joneswalker.com
                      bvenn@joneswalker.com
                      *Attorneys for Defendant, Sabine Pass Liquefaction, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of March, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the Middle District of Louisiana by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

                      */s/ Brett S. Venn*
                      BRETT S. VENN